### Charles S. Fisher v. Brown Hardware Company.

Decided June 19, 1907.

**1.—Application of Payments.**

When payments are made on a running account without direction by the debtor or action by the creditor as to their application, the law will apply them to the oldest debt or to the one maturing first.

**2.—Same—Limitation:**

In an action for the balance due on a contract price for erecting a building and on extra charges for work not covered by the contract, to which limitation was pleaded against the claim for extras, a payment made during the progress of the work will, in the absence of specific application thereof by either party, be applied to the claim for extra work, which was then due, rather than to the balance of contract price, not to become due till after completion, and limitation will only commence to run against the balance of the debt from the time it becomes due.

Error from the County Court of Bell County. Tried below before Hon. W. R. Butler.

*John B. Durrett,* for plaintiff in error.—Where there are separate and distinct debts due from the debtor, and no application of the payment has been made by either the debtor or creditor, it becomes the duty of the court to direct the application; and there are certain fixed rules for such application, which are applicable to the facts of this case, viz.: (1) The court will direct application so as to effectuate a prior valid agreement of the parties; such an agreement as would have precluded either of them from making a different application without the other's consent. (2) It is a universal rule that when application becomes the duty of the court it will be directed so as to extinguish that obligation which is earliest in date of maturity. Phipps v. Willis, 11 Texas Civ. App., 190; Willis v. McIntyre, 70 Texas, 34, 2 Am. Eng. Enc. 452-563, and notes.

*Jas. P. Kinnard* and *John P. Robinson,* for appellee.

KEY, ASSOCIATE JUSTICE.—Charles S. Fisher brought this suit against the Brown Hardware Company, seeking to recover $267.15, alleged to be a balance due him on a contract for building a store house for the defendant. It was alleged in the plaintiff's original petition that the defendant agreed to pay him $1,475 for certain work specified in the original contract; that after that work was partially done, it was agreed between the parties that the plaintiff should build the walls of the building three feet higher than specified in the original contract, for which he was to receive an additional sum of $243; that thereafter, at the request of the defendant, the plaintiff performed other and additional work upon the building, not specified in the contract, of the reasonable value of $237; that all the work done on the building by the plaintiff amounted to $1,955, of which amount $1,687.85 had been paid, leaving a balance due of $267.15.

In its answer the defendant charged that the plaintiff had breached the contract by using inferior material in constructing the walls, and by failure to complete the building within the time specified in the contract, and asked for damages against the plaintiff on account of such breaches in the sum of $670. The two years' statute of limitation was also interposed as a defense to the $243, and the items aggregating $237, set up in the plaintiff's petition. It was further averred in the defendant's answer that the contract provided that the plaintiff should "excavate to the depth shown in plan two feet below the present floor," and that when the work was begun it was agreed that the excavation should be only one foot, and that the saving in excavation should be added to the height of the walls, which more than compensated plaintiff for the extra height to which the walls were built.

By supplemental petition the plaintiff alleged that the defendant had waived the time for the completion of the building by entering into a contract with the plaintiff by which the plans were materially changed, without any stipulation as to time. He also alleged that if inferior material was used in the contruction of the building, the defendant had knowledge thereof, made no objections, accepted the building without objection and was estopped from claiming damages on that account.

There was a jury trial which resulted in a judgment in favor of the defendant for $1.00, and the plaintiff has brought the case to this court by writ of error.

We sustain the second and third assignments of error, and reverse and remand the case on account of error in the court's charge upon the question of limitation and in refusing a requested instruction correctly presenting the law upon that phase of the case. The court's charge upon the subject was to the effect that if the items as to which limitation was pleaded became due more than two years before the suit was brought, such items were barred and the plaintiff not entitled to recover upon them. While that instruction stated the general rule as to limitation correctly, it was misleading and erro-

neous as applied to this case. The plaintiff did not seek a specific recovery upon the items against which limitation was pleaded, which aggregated $480, but sought to recover $267.15, as a balance due upon an account which included those items. However, the undisputed testimony coming from both sides shows that those items were barred, unless they were paid by the payments admitted by the plaintiff. If they had been paid, then other portions of the account which fell due later were not barred. On that point the undisputed testimony coming from both sides shows the following facts: The original contract by which the defendant obligated itself to pay $1,475 contained a stipulation by which it was provided that one-fourth thereof was not to be paid until the work was completed. There was no agreement as to when payment was to be made for the extra work performed, and the defendant's manager testified that the indebtedness for those items was due when the work was performed. The last payment made by the defendant, which was $500, was made after the indebtedness for the extras fell due, and before the completion of the entire work, and therefore $368.75, being one-fourth of the amount owing on the original contract, was not at that time due. Neither party made any application of the $500 payment, nor of any other payment made by the defendant. Such being the undisputed facts, the law will apply the payments referred to to the debts that were then due, and leave unpaid a portion of that which was not then due, and as to which there was no limitation, because the suit was brought before that portion of the debt was barred. (Willis v. McIntyre, 70 Texas, 34; Phipps v. Willis, 11 Texas Civ. App., 190; Shuford v. Chinski, 26 S. W. Rep., 141.) The authorities cited, and others to the same effect, hold that when payments are made on a running account or where more than one debt is owing, and the debtor gives no direction as to how they shall be applied, and the creditor makes no application of them to any particular debt or item, the law will apply such payments to the oldest debt, or the one maturing first.

Applying that rule to this case we hold that the court erred in not giving appellant's requested instruction upon that subject, which would have applied that rule to this case. In fact, the witnesses for both parties having stated the facts as above recited, the court might properly have instructed the jury to disregard the plea of limitation.

We are also of opinion that the 5th and 6th assignments point out inaccuracies in the court's charge, which should be corrected upon another trial.

All other assignments presenting questions of law are overruled. Those assailing the verdict have not been passed upon because a reversal for the reasons stated, will vacate the verdict and award a new trial.

Judgment reversed and cause remanded.

*Reversed and remanded.*