MARSHALL v. G. A. STOWERS FURNITURE CO. et al. (No. 5285.)

(Court of Civil Appeals of Texas. San Antonio. May 20, 1914.)

1. CHATTEL MORTGAGES (§ 287*)—FORECLOSURE AGAINST TRANSFEREE—JUDGMENT.

Where the petition, in an action to foreclose chattel mortgages, against the mortgagor and his assignee and for general relief, contained no allegation that the mortgages were duly filed for record, a personal judgment against the assignee as for a conversion was erroneous, except as to costs.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 570; Dec. Dig. § 287.*]

2. PAYMENT (§ 45*)—APPLICATION.

Where a petition, in an action to foreclose several chattel mortgages, did not show how the mortgagor's payments, which were sufficient to pay the first mortgage, had been credited, they would be applied to the payment of the first mortgage.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 124; Dec. Dig. § 45.*]

3. CHATTEL MORTGAGES (§ 290*)—PROVISION FOR ATTORNEY'S FEES—AMOUNT.

Provisions in chattel mortgages that, if default was made in any payments and they were given to an attorney for collection, or if suit was brought thereon, an additional 10 per cent. on the principal should be added as collection fees covered fees only upon the principal remaining unpaid at the time the claim for fees accrued, and not fees upon the original principal.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 579; Dec. Dig. § 290.*]

4. COURTS (§ 122*)—JURISDICTION—COUNTY COURT—PETITION.

Where the debt sued for is less than the minimum prescribed to give jurisdiction, and the value of the property upon which a chattel mortgage is sought to be foreclosed is not alleged, the petition fails to show that the court has jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413, 427; Dec. Dig. § 122.*]

5. COURTS (§§ 169, 170*) — JURISDICTION — COUNTY COURT—PETITION.

The jurisdiction of the county courts in suits to foreclose chattel mortgages is governed by the amount of the debt where the value of the mortgaged property is less than the debt, but where the value of the mortgaged property exceeds the debt, such value fixes the jurisdiction; and hence a petition to foreclose a chattel mortgage and for attorney's fees, together amounting to more than the minimum jurisdictional amount of $200, must affirmatively allege the value of the property at the time of suit, to show that the maximum jurisdiction is not exceeded.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 427–436, 443, 456, 458, 465; Dec. Dig. §§ 169, 170.*]

Error from Harris County Court, at Law; Clark C. Wren, Judge.

Action by G. A. Stowers Furniture Company against D. Maples and J. J. Marshall. Judgment for plaintiff, and defendant Marshall brings error. Reversed and remanded.

W. J. Moroney, of Dallas, for plaintiff in error.

MOURSUND, J. The G. A. Stowers Furniture Company, a corporation, sued D. Maples and J. J. Marshall, alleging that on September 6, 9, 10, and November 1, 1909, and on March 7, and September 29, 1910, it sold and delivered to said Maples certain goods set out in Exhibit A, for which Maples agreed to pay the sums of money set opposite the items of goods, aggregating $910, which amount was to be paid at the rate of $50 per month; that on October 29, 1909, to secure the payment of $784.95 on said amount, Maples executed to plaintiff a chattel mortgage on the goods set out in Exhibit B, wherein he agreed to pay $50 per month until the full sum was paid; that he has made no payment since December 6, 1911, as will be seen from said Exhibit B; that to secure $53.50, on November 1, 1909, and December 7, 1909, when the goods described in Exhibits C and D were delivered, said Maples executed two chattel mortgages on said goods, but it was specially agreed that he was only to pay the $50 per month on all the goods described in his mortgage of October 29, 1909 (Exhibit A); that on said account for goods so delivered to Maples he has only paid $790,

leaving a balance due plaintiff of $120, which became due January 16, 1912; that in each of said mortgages it was provided that if default was made in any of the payments provided for therein, and it was placed in the hands of an attorney for collection, or suit was brought on the same, then an additional amount of 10 per cent. on the principal of said mortgage should be added to the same as collection fees; that, Maples having failed to carry out his contracts, plaintiff was compelled to bring this suit to enforce collection of the amounts due, and by reason thereof Maples has become liable to plaintiff for $91, being 10 per cent. on the amount due plaintiff for the original purchases; that plaintiff duly recorded its chattel mortgage, dated October 29, 1909, on November 20, 1909, and thereafter Maples sold and delivered to J. J. Marshall the goods set out in the exhibits, and Marshall holds the same, claiming some interest therein hostile to plaintiff's interest. Plaintiff prayed for judgment against Maples for $120 and the further sum of $91 attorney's fees, and against both defendants for foreclosure of its liens, and for general relief.

Exhibit A is a general account against D. Maples, dated September 2, 1912, for goods sold him from September 6, 1909, to September 29, 1910, the items aggregating $910.20, showing credits of $50 paid each month, beginning on September 7, 1909, and ending in June, 1910, then a credit of $100 in August, 1910, followed by $50 credits during each of the four succeeding months, and closing with a $40 credit paid December 16, 1910, said credits aggregating $790.

Exhibit B, a copy of the chattel mortgage dated October 27, 1909, contains a list of furniture and goods, with purchase price stated after each item, aggregating $784.95, which Maples promised to pay as follows: $50 upon delivery and $50 each month thereafter until the entire amount should be paid. The items described in this mortgage are the same described in Exhibit A as sold on September 6, 9, and 10, 1909.

Exhibit C is a copy of the mortgage dated November 1, 1909, for $45.50, upon certain goods corresponding to those set out in Exhibit A as sold November 1, 1909. This instrument does not provide when the amount thereof shall be paid.

Exhibit D is a copy of a mortgage dated December 7, 1909, for $8, for a telephone stand, and said item appears upon Exhibit A as sold on December 7, 1909. This mortgage also fails to provide when the amount is to be paid.

The three mortgages together call for the sum of $838.45, leaving two items, aggregating $71.75, unsecured. No credits appear to have been indorsed upon the mortgages.

The defendants failed to appear, and the court entered judgment reciting that he had heard the evidence, and decreeing that plaintiff recover of Maples $120, described as the balance due on the account sued on, and $91 as attorney's fees, described as the amount provided for in the chattel mortgage, also reciting the execution and delivery of the three chattel mortgages, Exhibits B, C, and D, and that Marshall has converted all of such mortgaged property to his own use and benefit, although the mortgages were on file, and decreeing that if plaintiff cannot make the $120 and interest thereon and the $91 out of Maples, then that plaintiff recover same from Marshall; also foreclosing the chattel mortgage liens against both defendants for the full amount of the judgment, and providing for execution against both of them.

[1] Various errors, alleged to be fundamental in character, are assigned. The first is that the court erred in rendering a personal judgment other than for costs against Marshall, because plaintiff's petition contains no allegation sufficient to support such judgment. The assignment is well taken. We do not consider the allegations sufficient to show a conversion by Marshall of the property, nor a right of foreclosure as against Marshall of the liens designated as Exhibits C and D, because it is not alleged that such instruments were duly filed for record. The judgment finds Marshall guilty of conversion of all the property described in the three mortgages, and decrees a foreclosure of the three liens, and not only that, but gives a personal judgment against Marshall, and also a judgment of foreclosure, for the total amount due when it appears that $71.75 was never secured by mortgage and there is no allegation that said amount has been paid.

[2] By the second assignment complaint is made of the foreclosure of the chattel mortgage dated October 27, 1909, because it appears from the allegations of the petition that the debt thereby secured has been entirely paid. Plaintiff did not show in the petition how the payments were credited. If they were credited upon the items first accruing, the amount secured by mortgage B was paid off. In the absence of allegations showing upon what debt the payments were credited, we must assume that they were not appropriated to any particular debt by either the debtor or creditor, and should therefore be applied by the law, according to the equity and justice of the case. Taylor v. Coleman, 20 Tex. 772; Rodgers-Wade Furniture Co. v. Wynn, 156 S. W. 343; Willis & Bro. v. McIntyre, 70 Tex. 34, 7 S. W. 594, 8 Am. St. Rep. 574; Fisher v. Brown Hardware Co., 47 Tex. Civ. App. 58, 103 S. W. 655; Shuford v. Chinski, 26 S. W. 141; Phipps v. Willis, 11 Tex. Civ. App. 186, 32 S. W. 801. Under such rule, and under the authorities cited, they should be applied to the payment of the mortgage first given. It devolves upon plaintiff to allege what portions of the debts are still due, and whether the payments were appropriated to any particular debt by the debtor or creditor. In the absence of such pleading, we think the

petition shows that the first mortgage is paid. We, therefore, sustain the assignment of error.

The third assignment is sustained. It relates to a matter discussed under the first assignment.

[3] By the fourth assignment complaint is made of the rendition of judgment for $91 attorney's fees. This was erroneous. In the first place, as to items aggregating $71.75 due upon open account, there never was any obligation to pay attorney's fees. In the second place, if mortgage B was paid off in full, no fee could be collected thereon. And finally the clause alleged, and shown by the exhibits made part of the petition, should not be construed as calling for attorney's fees upon the original principal of the obligations, but merely upon the principal thereof remaining unpaid at the time the claim for attorney's fees accrued.

[4, 5] By the fifth assignment it is contended that the petition fails to allege a cause of action within the jurisdiction of the county court. There is no issue made as to plaintiff's good faith in claiming attorney's fees on the original principal of the mortgages, so we must take the petition as a suit to recover more than $200. The value of the personal property at the time of suit upon which foreclosure of the mortgages is sought is not alleged. It is of course well established that if the debt sued for be less than the minimum prescribed to give jurisdiction, and the value of the personal property upon which a mortgage is sought to be foreclosed is not alleged, the petition fails to show that the court has jurisdiction. But in cases in which the sum sued for would give jurisdiction were no foreclosure of mortgage lien sought, but in which the value of the mortgaged property is not pleaded, our courts have been unable to agree upon the question whether the petition affirmatively shows the court to have jurisdiction. The Third Court of Civil Appeals, in the case of Cantrell v. Cawyer, 162 S. W. 919, has held that in such cases the jurisdiction of the court appears from the face of the petition, while the Courts of Civil Appeals of the First, Second, and Eighth districts hold the contrary. See Stricklin v. Arrington, 141 S. W. 189; Bates v. Hill, 144 S. W. 289; Wilson v. Ford, 159 S. W. 73; Randals v. Bank, 162 S. W. 1190. The jurisdiction of the courts in suits to foreclose mortgages upon personal property is governed by the amount of the debt in cases in which the value of the mortgaged property is less than such debt, but in cases in which the value of the mortgaged property exceeds the debt, the value of such property fixes the jurisdiction. In such cases it is well settled that the amount in controversy is determined by the value of the property. Cotulla v. Goggan & Bro., 77 Tex. 32, 13 S. W. 742; Texas & N. O. R. Co. v. Rucker, 38 Tex. Civ. App. 591, 88 S. W. 815; McDaniel v. Staples, 113 S. W. 596; Walker Mercantile Co. v. Raney, 154 S. W. 317. In all cases of this character filed in the justices and county courts, even though the debt be one of which such courts would have jurisdiction were no foreclosure of lien sought, the inquiry is always a material one as to the value of the property. We are unable to see how in such cases it can affirmatively appear from the pleadings that the court has jurisdiction, unless both the debt and the value of the mortgaged property are alleged. If it be essential to the jurisdiction of the court that the value of the mortgaged property shall not exceed the maximum amount, of which said court has jurisdiction, the value must be alleged at a sum within the jurisdiction of the court, otherwise the court cannot tell whether or not it has jurisdiction. The statement of a debt at a sum of which the court in ordinary suits for debt has jurisdiction cannot help matters, because the fact still remains that in this kind of a case the court may or may not have jurisdiction. The petition must affirmatively show that the court has jurisdiction, not that it may have.

The courts appear to have drawn different conclusions from the opinion of the court in the case of Cotulla v. Goggan, supra. The case is authority for the proposition that if the value of the mortgaged property is more than $200, the justice court has no jurisdiction. The question now being considered was not passed upon; in fact it does not appear that the plaintiff's pleadings in the justice's court omitted the allegation that the piano was worth less than $200. The court did not go into details, and it is probable that defendant's plea was one to the effect that plaintiff had fraudulently misstated the value of the piano in order to confer jurisdiction upon the justice's court. The court, we think, did not intend to relieve plaintiffs from the burden of affirmatively alleging facts showing the jurisdiction of the court, and place the burden upon defendants of pleading and proving a want of jurisdiction. We hold that plaintiff herein must allege the value of the personal property at the time of suit upon which he seeks to foreclose his mortgage lien.

The judgment is reversed, and the cause remanded.