QUARLES et al. v. CONWAY. (No. 358-3156.)

(Commission of Appeals of Texas, Section B. March 28, 1923.)

Appeal and error ⟨key⟩1172(1)—Personal judgment not attacked by application for writ of error cannot be reviewed.

Where a judgment denying an injunction to restrain the enforcement of a judgment against the grantor upon property conveyed to plaintiff, and setting aside the conveyance as fraudulent, and also giving personal judgment against the plaintiff for the value of materials used in improvements on the property, was affirmed by the Court of Civil Appeals, and plaintiff's application for writ of error did not attack the personal judgment, that part of the judgment must be affirmed, though the judgment is otherwise reversed and rendered for plaintiff.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by L. A. Quarles and others against J. W. Conway. Judgment for defendant was affirmed by the Court of Civil Appeals (197 S. W. 1112), and plaintiff brings error. Affirmed in part and otherwise reversed and rendered.

R. L. Thompson and J. A. Johnson, both of Stephenville, for plaintiffs in error.

Chandler & Pannill, of Stephenville, and W. P. Gibbs, of Gordon, for defendant in error.

POWELL, J. This is a companion case to cause No. 359–3157, L. A. Quarles et al. v. H. H. Hardin,[1] in which this court has this day written an opinion, speaking through Judge Hamilton. We have agreed that Judge Hamilton should write the leading opinion upon the law points which affect both cases alike. So far as the law is concerned, these two cases are identical, and the Court of Civil Appeals consolidated the causes to the extent of writing one opinion covering both. See 197 S. W. 1112. That court entered the same judgment in both cases.

In this case, we shall do nothing more than state a few things which are essential to a full understanding of the Conway Case because of a slight variance in the facts between it and the Hardin Case. In all material and substantial respects the facts are identical.

The judgment recovered by Conway against John Quarles was in the sum of $781.10. When an effort was made by Conway to collect that amount under processes of law, Quarles and his wife began an injunction suit, from a final judgment in which the present appeal was taken. In that injunction suit, not only were Quarles and his wife before the court, but Conway as well.

The trial court, in this suit, entered, in the main, the same judgment as in the Hardin Case. There is one difference which we shall now set out. In the Conway Case, the trial court found that only a minor portion of the indebtedness incurred by John Quarles had enhanced the value of the separate property of his wife. Upon this very point, in this case, we quote a portion of the trial court's judgment, as follows:

"In accordance with the verdict of the jury in response to special issue No. 2, the court finds that in the event that said deed or instrument in writing dated January 25, 1915, from John Quarles to Lula Quarles, is a valid deed, then that the separate property of the said L. A. Quarles has been enhanced in value by the stuff purchased from said J. W. Conway and placed on said separate property to the amount of $264.10, and the court is therefore of the opinion that the said J. W. Conway should have judgment against the said L. A. Quarles for said sum and interest, even though said deed should finally be held to be valid.

"It is therefore ordered, adjudged, and decreed by the court that in the event said deed be held to be valid, nevertheless the said J. W. Conway shall have and recover of and from the said L. A. Quarles the sum of $264.10, together with 6 per cent. interest thereon from January 1, 1916, for which let execution issue, and the execution provided for in subdivision 3 of this judgment shall be levied on the lands and chattels of the said L. A. Quarles."

Neither Quarles nor his wife has attacked the quoted portion (subdivision three) of the trial court's judgment. No such assignment of error is raised in the application for writ of error filed by Quarles and his wife. Therefore, as stated by Judge Hamilton in the Hardin Case, this portion of the judgment of the district court and Court of Civil Appeals must be affirmed, and we so recommend.

And in line with Judge Hamilton's recommendations in the Hardin Case, we recommend that the judgments of the district court and Court of Civil Appeals dissolving the temporary injunction, denying L. A. Quarles and her husband any recovery by this suit, holding the conveyance in question void as to Conway, and that the property conveyed thereby is subject to sale in satisfaction of the judgment obtained by Conway against John Quarles for debt and foreclosing his attachment lien, and taxing costs against Quarles and his wife, be reversed, and that judgment be rendered by the Supreme Court forever restraining the sheriff from any further proceedings under and by virtue of the orders of sale heretofore issued directing the sale of the land and personal property conveyed to L. A. Quarles by John Quarles by said deed dated January 25, 1915, and quieting title of L. A. Quarles in and to all of the property in said deed described, in so far as the judgment rendered by the district court of Erath county against John Quarles in favor of Conway is concerned.

We further recommend that L. A. Quarles and her husband recover of Conway all costs incurred in both appellate courts. And since we are recommending a judgment here which gives to Quarles and his wife all the relief they sought in the trial court, we recommend that they recover of Conway all costs incurred in the district court except such portion thereof as was incurred by reason of the pleading filed there by Conway, in the nature of a cross-action, and by virtue of which he recovered against L. A. Quarles a judgment for $264.10 as aforesaid. We recommend that Conway recover of L. A. Quarles all costs in the trial court incident to the so-called cross-action just mentioned.

In closing, the writer takes occasion to express his complete and hearty concurrence with the opinion so ably written by Judge Hamilton in the Hardin Case.

CURETON, C. J. The personal judgment rendered against L. A. Quarles by the district court and Court of Civil Appeals is affirmed; otherwise, the judgments of the district court and Court of Civil Appeals are reversed and rendered as recommended by the Commission of Appeals.

[1] 249 S. W. 459.