**MARYLAND CASUALTY CO. v. WILLIG et al.   (No. 699.)**

Court of Civil Appeals of Texas.   Waco.
Oct. 4, 1928.

Rehearing Denied Nov. 8, 1928.

Jos. W. Hale, of Waco, for appellant.

Sleeper, Boynton & Kendall, Weatherby & Rogers, Barney A. Garrett, and John McGlasson, all of Waco, for appellees.

STANFORD, J. The cause tried and here appealed was a consolidation in the lower court of three causes, Nos. 27934, 27947, and 28138, all pending on the docket of the nineteenth district court. On December 1, 1926, appellee the Provident National Bank of Waco filed its suit against G. V. Willig, George Willig, and W. L. Dugger, being cause No. 27934, in which said appellee first pleaded in trespass to try title for the recovery of 541⅓ acres of land, and, in the alternative, set up that on January 8, 1924, George Willig, by deed of said date, conveyed said land to G. V. Willig, reserving the vendor's lien on said land to secure the payment of a note for $40,100, which note was on said date indorsed and delivered by George Willig for a valuable consideration to appellee the Provident National Bank of Waco, and on said date the said George Willig also assigned to said bank in writing said note and the vendor's lien securing the payment of same, together with all of said Willig's right, title, and interest in said land, and prayed in the alternative for judgment for its debt and for foreclosure of its lien. It also alleged W. L. Dugger was setting up some claim to said land, which was inferior to its claim, etc.

On December 6, 1926, appellant filed its suit, cause No. 27947, against George Willig, G. V. Willig, the Provident National Bank of Waco, and W. L. Dugger, seeking to set aside, as voluntary and in fraud of creditors, the deed from George Willig to G. V. Willig, and the note from G. V. Willig to George Willig for $40,100, together with the assignment of said note and lien to said bank. On February 22, 1927, an order was entered in the trial court, consolidating said above two cases under No. 27947. In this consolidated case the Provident Bank filed its amended answers and cross-action, etc., and made G. B. Rogers a party, alleging he was setting up some kind of a claim to the land, which was inferior to the bank's claim.

On July 18, 1927, the Texas Life Insurance Company filed its amended petition in cause No. 28138, in which it sought to foreclose a first and superior vendor's lien against the same land, to secure notes for about $12,000, held by said Texas Life Insurance Company. This suit was against George Willig, G. V. Willig, the Provident National Bank, the First National Bank of Waco, E. C. Street, receiver of the Provident National Bank, W. L. Dugger, the Maryland Casualty Company, and G. B. Rogers. There was no contention but that these notes, for about $12,000, held by the Texas Life Insurance Company, were a first and superior vendor's lien on the land involved.

On September 19, 1927, the First National Bank of Waco filed a plea of intervention in this consolidation cause, No. 27947, in which it set up that it had for a valuable consideration acquired the notes held by the Texas Life Insurance Company, together with the lien securing same, and that it had for a valuable consideration acquired the $40,100 note sued on by the Provident National Bank of Waco, together with the lien securing same, and prayed for the title and possession of said land, or, in the alternative, for a foreclosure of its liens securing said notes, etc. On February 16, 1928, cause No. 28138, brought by the Texas Life Insurance Company, was consolidated with cause No. 27947, the one tried and now before us. The pleadings of the parties will be set out more fully when necessary in the course of this opinion.

On the conclusion of the evidence the court instructed the jury to return a verdict in favor of the First National Bank of Waco for the full amount of its debt acquired from the Texas Life Insurance Company, with a foreclosure of its vendor's lien securing same, and for the full amount of the $40,100 note, with foreclosure of its written lien securing same, and then provided that G. B. Rogers was entitled to recover the land, subject to the satisfaction of the two liens in favor of the First National Bank of Waco and the cost of enforcing same, and that the Maryland Casualty Company and W. L. Dugger were not entitled to any relief. Judgment being entered on this verdict as instructed, appellant Maryland Casualty Company has duly appealed, and presents the case here upon six propositions, contending, in effect, that the court erred in refusing to instruct in favor of appellant, and in instructing for appellees, upon the ground that the undisputed evidence shows that the deed from George Willig to his son, Vernon Willig, and the assignment of the so-called vendor's lien note by George Willig to the Provident National Bank, were given with intent on the part of George Willig to hinder, delay, and defraud his creditors, and that the appellee banks were put on notice of such fraudulent intent. Appellant also contends that, if it was not entitled to a peremptory instruction, it was entitled to have the question of fraudulent conveyance submitted to the jury as an issue of fact, and also that, appellee banks having declared upon a vendor's lien note for $40,100, they were not entitled to recover upon a contract lien note for said amount.

We will first consider whether the court erred in instructing for the appellee banks. Appellant sued for the purpose of having the deed executed on the 8th day of January, 1924, by George Willig and wife, conveying to

the defendant G. V. Willig 541⅕ acres of land, declared void, and for the purpose of having an assignment of the vendor's lien note for $40,100, growing out of said conveyance, declared void, on the ground that both the conveyance and also the assignment of the vendor's lien note in question were given with intent to delay, hinder, and defraud creditors, and that said deed and assignment were not given upon a consideration deemed valuable and sufficient in law, as provided in articles 3996 and 3997 of the Revised Statutes. Appellant further alleged that it was a prior creditor of George Willig at the time of the making of this deed and assignment. Appellee the Provident National Bank answered by general denial, and specifically denied that said deed and transfer of lien were either fraudulent or voluntary. It also alleged its note for $40,100 and lien to secure same, and sought foreclosure against appellant and others. Similar relief was prayed for by appellee the First National Bank, which intervened herein, after acquiring all the rights of the Provident National Bank and the Texas Life Insurance Company.

The evidence of George Willig, E. A. Flowers, B. G. Kendall, and J. K. Rose was all direct and positive that on January 8, 1924, George Willig was indebted to the Provident National Bank in the sum of $40,100, evidenced by several notes held by said bank against George Willig, and that at the time of the execution of the deed by George Willig to G. V. Willig to the 541⅕ acres of land, and the execution by G. V. Willig to George Willig of the $40,100 vendor's lien note therefor, and the transfer by George Willig of said note to the Provident National Bank, all of which occurred on January 8, 1924, said bank surrendered to said George Willig all of his personal notes to said Provident National Bank, amounting in the aggregate to $40,100. There is no evidence in the record contradictory to the facts testified to, as stated above. The entire record, without any contradiction, shows that on January 8, 1924, George Willig was indebted to the Provident National Bank in the sum of $40,100, and on said day he assigned to said bank the G. V. Willig note for said sum, together with the lien securing same, as security for his indebtedness to said bank, without any intention to hinder or delay his creditors, or to place his property beyond their reach. We think the record establishes conclusively that the transaction as above set out was not voluntary, but was upon a consideration deemed valuable in law, and was not made with intent to delay, hinder, or defraud creditors, but made in good faith, with the intent to pay or secure the payment of a bona fide debt owing by George Willig to the Provident National Bank.

In order for appellant to question the good faith of the above transaction between the Willigs and the bank as fraudulent or voluntary, or both, under articles 3996 and 3997 of the Revised Statutes, it was incumbent upon appellant to show either that it was a creditor of George Willig, or that same was made specifically to defraud appellant. Was appellant a prior creditor within the meaning of our statutes? The record without any contradiction shows: George Willig was, for many years, the general agent of the plaintiff Maryland Casualty Company in a specified territory in Central Texas, and as such general agent it was the duty of George Willig to collect all premiums due plaintiff Maryland Casualty Company on policies of insurance and surety bonds issued and delivered in George Willig's territory; after deducting his commissions, it was the duty of George Willig to remit within 60 days the balance so collected to the plaintiff Maryland Casualty Company from month to month.

Appellant introduced in evidence its statement of its account with George Willig from January 1, 1924, to May 20, 1926. This statement shows that on January 1, 1924, Willig owed appellant a balance on his November, 1923, report of $1,561.93, which amount was paid February 16, 1924, the payment being so credited by appellant. He also owed on his December, 1923, report, $2,779.04, and on a January, 1924, supplemental report, $876.22, both of which amounts were paid March 1, 1924, and payment so credited by appellant. It appears, further, from said account, that while Willig continued to incur obligations from month to month in the nature of a running account, said amounts being due 60 days after being incurred, he paid all of said amounts up to about February 1, 1925, and it was on indebtedness arising after February 1, 1925, that appellant secured its judgment against Willig, and which it contends constitutes it a prior creditor. The deed from George Willig to G. V. Willig was dated January 8, 1924, and filed for record January 10, 1924, and recorded January 12, 1924, in the deed records of McLennan county, Texas. The assignment from George Willig to the Provident National Bank of the $40,100 note, and lien on the land securing same, was dated January 8, 1924, filed for record May 12, 1924, and recorded May 13, 1924, in the deed records of McLennan county, Texas. It will thus be seen all of Willig's indebtedness to appellant was paid up to some eight months after said conveyance and transfer were made and put of record.

Appellant's own statement, put in evidence by it, specifically shows appellant's application of payments as above stated. If appellant had not specifically applied said payments as above stated, in the absence of instruction by George Willig and a different actual application by appellant, the law would have applied them to the indebtedness first created and maturing. Willis v. McIntyre et al., 70 Tex. 34, 7 S. W. 594, 8 Am. St. Rep. 574; Marshall v. G. A. Stowers

Furniture Co. et al. (Tex. Civ. App.) 167 S. W. 230; Fisher v. Brown Hardware Co., 47 Tex. Civ. App. 58, 103 S. W. 655; McLendon Hardware Co. v. Black (Tex. Civ. App.) 264 S. W. 1013. So, in any event, all indebtedness by George Willig to appellant, existing on January 8, 1924, and all such indebtedness thereafter accruing up to about February 1, 1925, was paid, and it is only indebtedness accruing after about said date which appellant claims constitutes it a prior creditor. We think the rule of law is well established in this state that, where the debt existing at the time a voluntary conveyance is made is paid by the debtor, no debt subsequently created·between the same parties, although in the transaction of the same character of business, will be considered as a debt existing at the date of such conveyance. Gonzales et al. v. Adoue et al., 94 Tex. 120, 58 S. W. 951; Willis v. McIntyre, 70 Tex. 34, 7 S. W. 594, 8 Am. St. Rep. 574; Moritz v. Hoffman, 35 Ill. 553; Reed v. Woodman, 4 Greenl. (Me.) 400. The debt of appellant against George Willig, relied upon to constitute it a prior creditor, having accrued long after the execution and recording of the conveyance and transfer of the note in question, appellant had no right as a prior creditor to complain of said conveyance and transfer as voluntary or fraudulent.

■ Neither is there any merit in appellant's complaint as a subsequent creditor that the conveyance and assignment were fraudulent, because made with direct reference to incurring other indebtedness with appellant. The undisputed facts are that the deed from George Willig to G. V. Willig was dated January 8, 1924, and filed for record January 10, 1924, and the assignment from George Willig to the Provident National Bank was dated January 8, 1924, and filed for record May 12, 1924, and the indebtedness of George Willig to appellant, on which it secured a judgment against him, did not begin to accrue until about February 1, 1925, all prior obligations to appellant having been paid. Thus a period of more than eight months elapsed between the filing for record of the last of the conveyances in question and the accrual of the items of appellant's unpaid debt against George Willig, and during this entire period appellant had constructive notice of the conveyances in question. Quarles v. Hardin (Tex. Com. App.) 249 S. W. 459; Quarles v. Conway (Tex. Com. App.) 249 S. W. 463; Quarles v. Eaton-Blewett Co. (Tex. Com. App.) 249 S. W. 465.

■ Appellant contends, further, that the court erred in directing a verdict for the appellee banks, upon·the grounds that the conveyance from George Willig to G. V. Willig was not intended to convey title, and so no vendor's lien could arise out of such conveyance, and also that, appellee banks having based their suit upon a vendor's lien note, they could not recover upon a contract lien note. The deed from George Willig to G. V. Willig, dated January 8, 1924, expressly reserved a vendor's lien in favor of George Willig on the land in question to secure payment of a note executed by G. V. Willig in the sum of $40,100. This note also recited the retention of a vendor's lien on said land to secure its payment. The assignment from George Willig to the Provident National Bank expressly conveyed to said bank said $40,100 note, together with the lien securing same, and all of George Willig's right, title, and interest in said land. The facts, as above stated, were fully pleaded by both the appellee banks, and both pleaded in the alternative for foreclosure of the lien securing said note for $40,100, and sale of the land in payment thereof. It is true the court did find, in effect, that the deed from George Willig to G. V. Willig was not intended to pass title, and this fact was known to the appellee banks. But the court also found that on January 8, 1924, George Willig was indebted to the Provident National Bank of Waco in the sum of $40,100, and that on said date, in good faith on the part of both Willig and the bank, George Willig assigned to the bank said $40,100 note of G. V. Willig and the lien securing same as security for George Willig's indebtedness to the bank; the intention of the transaction being to secure the bank's indebtedness against Willig. The court also concluded as a matter of law that the deed, note, and assignment created a lien in favor of the Provident National Bank to secure payment of the note for $40,100, and that the recording of the instruments gave notice to the world of the existence of this lien, and that such lien, by whatever name called, should be foreclosed.

We think this conclusion of law as applied to the established facts of this case is correct. We do not think it necessary to decide whether said note was secured by the vendor's lien. Appellant did not seek to set aside the conveyance and transfer in order to recover the land, or the equity in the land, after the appellee bank's first and second liens were paid, but for the purpose of defeating appellee bank's vendor's lien securing the note transferred to the Provident National Bank to secure its indebtedness against George Willig. The land at a later date was sold under execution against George Willig and G. V. Willig, and purchased by appellee G. B. Rogers, and was by the trial court awarded to appellee Rogers, subject to the satisfaction of the bank's said two liens. Of this part of the judgment appellant makes no complaint. Said note recited it was secured by a vendor's lien on the 541 acres of land involved, and fully described same. The transfer from George Willig to the bank recited said note was secured by a vendor's lien on said land, fully describing same, and transferred, not only said note and lien on said land, but also all the right, title, and interest

of George Willig in said land to said bank to secure Willig's indebtedness of $40,100 to said Provident National Bank of Waco. If the deed, note, and transfer did not create a vendor's lien on said land in favor of the bank to secure said note, said instruments undoubtedly did create a contract lien in favor of the bank for such purpose. Helm v. Weaver, 69 Tex. 143, 6 S. W. 420; Vickers v. Kennedy (Tex. Civ. App.) 34 S. W. 458 (writ refused); Honaker et al. v. Jones, 102 Tex. 132, 113 S. W. 748; Melton v. Beasley, 56 Tex. Civ. App. 537, 121 S. W. 574 (writ refused); Dabney et al. v. Schutze et al. (Tex. Com. App.) 228 S. W. 176.

Nor is there any merit in appellant's contention that the appellee banks, having pleaded a vendor's lien, were not entitled to a foreclosure of their contract lien. Said appellees pleaded all the facts out of which their lien arose, and were entitled to foreclose such lien as they had, although erroneously denominated a vendor's lien. Helm v. Weaver, 69 Tex. 143, 6 S. W. 420; Adams et al. v. Bartell, 46 Tex. Civ. App. 349, 102 S. W. 779 (writ refused).

All of the evidence in this case, with no evidence, direct or circumstantial, to the contrary, shows that on January 8, 1924, George Willig was indebted to the Provident National Bank of Waco in the sum of $40,100, evidenced by George Willig's personal notes. On said date the deed was made by George Willig to G. V. Willig, and the $40,100 vendor's lien note, signed by G. V. Willig and payable to George Willig, was taken, and on the same date George Willig duly transferred, by written assignment, said note to the Provident National Bank of Waco in payment of his personal unsecured notes, amounting in the aggregate to $40,100, and said bank surrendered to George Willig all of his said personal notes. This deed was filed for record January 10, 1924, and the transfer on May 12, 1924. The above facts were not only shown by all the evidence without conflict, but the same facts were found by the court in his findings of fact, filed at the request of appellant, and the court further found that said conveyance and transfer were made by George Willig to the Provident National Bank "without intent to hinder or delay his creditors or to place his property beyond their reach." The court's said findings are in no way challenged by appellant. It is further established, by all the evidence and the unchallenged findings of the trial court, that George Willig conveyed to said Provident National Bank, in settlement of his obligations to it aggregating $40,100, property worth, in no event, more than that sum, because all he conveyed to said bank was a secured note for said amount. It necessarily follows, from the above uncontroverted facts, the conveyance and transfer in question were not voluntary, and were not made with the intent to hinder, delay, or defraud creditors, within the meaning of articles 3996 and 3997 of our Statutes. In an opinion by the Commission of Appeals, approved by our Supreme Court, by Presiding Justice Gallagher, the court said:

"The intent to hinder, delay, or defraud creditors in the sense inhibited by the above statutes cannot exist when the purpose and effect of the transfer of property is to apply it at its fair value to the satisfaction of a just debt and it is so received by the debtor."

See Adams v. Williams, 112 Tex. 469, 248 S. W. 673, and authorities there cited.

There being no question of fact as to the existence of the two liens in favor of the appellee banks, and their right to a foreclosure of their lien on the 541 acres of land, the trial court was correct in so instructing the jury, and, this being true, it necessarily follows that there was no error in the court's refusal to instruct for appellant, nor in his refusal to submit any issue to the jury.

There is one other question requiring consideration, to wit: Can we consider the assignments presented by appellee G. B. Rogers? In this case, as consolidated and tried, there were many conflicting interests. The Maryland Casualty Company, appellant here, appeared as plaintiff, asking relief as against all the appellees. Appellee Rogers filed a cross-action, seeking relief against both appellant and his coappellees, in that he claimed, in effect, that he bought and acquired title to the 541⅙ acres of land from the Willigs by virtue of a sale under execution issued on a judgment in favor of W. L. Dugger against the Independent Shope Brick Company, as principal, and George Willig and G. V. Willig, as sureties; that he thus acquired title to said land free from any liens or rights in any other parties to this suit. The court in its judgment refused appellant any relief, and granted appellee Rogers relief as against appellant, but refused him relief as against the appellee banks. In other words, the court adjudicated and foreclosed the two liens in favor of the appellee banks, amounting to $60,476.80, and awarded appellee Rogers a recovery of the 541⅙ acres of land, subject thereto, and decreed that the appellant take nothing.

From this judgment only the Maryland Casualty Company perfected an appeal, by filing an appeal bond, which runs in favor of all other parties to the suit. including appellee Rogers. The errors assigned by appellee Rogers, and carried into his brief, are all in respect to the judgment in favor of appellee banks. An appellee may by cross-assignments have errors corrected as between himself and the appellant, but he cannot have errors corrected with respect to a coappellee, without giving proper notice of appeal and filing an appeal bond, although the coappellee is made an appellee along with him, and is named as

420

a payee in appellant's appeal bond. National Bank of Cleburne v. Carper, 28 Tex. Civ. App. 334, 67 S. W. 188; Woeltz v. Woeltz, 93 Tex. 548, 57 S. W. 35; Anderson v. Silliman, 92 Tex. 560, 50 S. W. 576; Lauchheimer v. Coop, 99 Tex. 386, 89 S. W. 1061, 90 S. W. 1098; Western National Bank v. White, 62 Tex. Civ. App. 374, 131 S. W. 828; Stewart v. Tolar et al. (Tex. Civ. App.) 250 S. W. 274; Pumphrey v. Hunter (Tex. Civ. App.) 270 S. W. 237; Absolene Co. v. Letwin (Tex. Civ. App.) 284 S. W. 288. This court is without jurisdiction to consider the alleged errors.

We overrule all of appellant's assignments. The judgment is affirmed.