IDA WOELTZ v. AUGUST WOELTZ ET AL.

No. 899. Decided May 14, 1900.

1. Appeal—Separable Judgments—Enforcement of Part by Appellant.

Where a judgment consists of distinct parts an appellant does not, by enforcing one part of the judgment, lose the right to prosecute an appeal or writ of error to reverse the other part. (P. 552.)

2. Same.

A wife recovering judgment for divorce against her husband and for partial cancellation of a deed of trust given by them to a third party, prosecuted writ of error as to both defendants, assigning error only as to refusal to annul the entire deed of trust. Held, that her action in enforcing by execution her judgment for costs and alimony against her husband did not affect her right to continue the prosecution of such writ of error as to the other part of the judgment. (Pp. 551, 552.)

### 3. Separable Judgment—Distinct Parts—Cross-Assignment of Error.

Though a judgment appealed from consisted of distinct parts (divorce and alimony and the cancellation of a deed), on appeal by plaintiff from the whole judgment, but with assignment of error only as to the issue as to cancellation of the deed, appellee could, without himself appealing, make cross-assignment of errors as to the part of the judgment relating to divorce and alimony. (P. 553.)

### 4. Same—Rule Limited.

The foregoing rule as to cross-assignments is not extended to errors as between coappellees, nor to cases where the appellate proceeding does not embrace a distinct part of a severable judgment of which the appellee or defendant in error seeks to complain. (P. 553.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*Geo. C. Altgelt,* for defendants in error (in support of motion to dismiss).—In this State but one final judgment can be rendered in any suit. Any party feeling aggrieved can appeal only from such final judgment, except in certain cases which need not be considered. He must, therefore, appeal from the whole judgment, though in framing his assignments of error he can confine the scope of his appeal to certain issues. When he does appeal the appellate court acquires jurisdiction of the whole cause, and will do complete justice between the parties. The law gives the appellee the same right to present cross-assignments of error and to present his grievances. Plaintiff in error sued out her writ against both defendants, and made her writ of error bond payable to both. Hence, both are parties to this writ. When, therefore, plaintiff in error seeks justice, if the court should find that in fact the defendants in error were wronged, the plaintiff must not complain if the court compels her to do justice. I contend that the correct rule is laid down by Mr. Elliott in his work on Appellate Procedure, sections 150-152, pp. 126-128. According to the rule there laid down an appellant or plaintiff in error may not cause the judgment to be executed, even in part, and accept its benefits, and at the same time repudiate it in other respects and seek a reversal. A different rule is applied to a defendant who, under stress of legal process, satisfies a judgment in whole or in part, but the reasons for this difference are too apparent for comment.

The facts of this case show that the defendant, August Woeltz, has filed cross-assignments. Among other matters, he complains of the $150 attorneys fees, and of the divorce. His cross-assignments are, of course, filed in subordination to the motion to dismiss the writ of error, and if the motion should be sustained, fall to the ground, because the entire case is dismissed. He can not and will not complain if his cross-assignments are not considered, because of the dismissal of the appeal. He will have brought about that result. Upon the other hand, if the motion should be refused and his cross-assignments sustained, and the judgment reversed in his favor, where does it leave him? Plaintiff in error would again be his wife, and he would have a claim against her, rather himself, for

the $150 attorney's fees and costs paid by him.   Litigants should not be allowed to juggle with the law, and to occupy such inconsistent positions. Nor does it make a particle of difference that plaintiff in error does not assign error on the award of a divorce and attorneys fees and costs to her, but confines her assignments to supposed errors in matters pertaining to the partition of community property, and the cancellation of a mortgage.   All these matters depend upon the decree of divorce; without a divorce she can not have partition, etc.   The partition is only an incident of the divorce under our statute.

Mr. Elliott cites the following authorities in support of his text, which in the main are accessible to this court:   Clark v. Wright, 67 Ind., 224; Sterne v. Vert, 111 Ind., 408; Sterne v. Vert, 108 Ind., 232; Test v. Larsh, 76 Ind., 452; Kile v. Yellowhead, 80 Ill., 208; Sherman v. McKean, 38 N. Y., 266; Glover v. Benjamin, 73 Ill., 42; Bates v. Ball, 72 Ill., 108; Stinson v. O'Neal, 32 La. Ann., 947; Board v. Perche, 40 La. Ann., 201; Newman v. Kizer, 26 N. E. Rep., 1006; McCracken v. Cabel, 120 Ind., 266; State v. Kamp, 111 Ind., 56; Baltimore, etc., v. Johnson, 84 Ind., 420; Patterson v. Rowley, 65 Ind., 108; Smith v. Coleman, 77 Wis., 343; Moore v. Floyd, 4 Ore., 260; Lyons v. Bain, 1 Wash. Ter., 482; Borgalthous v. Farmers, etc., Co., 36 Iowa, 250; Alexander v. Alexander, 104 N. Y., 643; Chapman v. Sutton, 68 Wis., 657; Edwards v. Perkins, 7 Ore., 149.   In addition to these cases I wish also to cite the following in support of my view:   Gibson v. Hale, 57 Texas, 405; Stein v. Craig, 59 Kan., 771; State Coiner v. Wickersham, 16 Wash., 161; Holman v. Stannard, 14 Ind. App., 146; Chamberlin v. McVicker, 76 N. W. Rep., 839.

· *C. H. McGinnis* and *J. A. Buckler*, for plaintiff in error (in opposition to motion to dismiss).—There were substantially two judgments in one in the court below, one granting the plaintiff a divorce and appointing commissioners to partition the property, and the other establishing the validity of the deed of trust of O'Brien upon what plaintiff contended and contends was the homestead of herself and her husband.   Of course under the statute there can be but one final judgment, but it does not follow that what is but one final judgment may not in its legal effect have all the elements of two judgments.   At all events the judgment in this case is so far severable as to admit of the enforcement of one part thereof, and an appeal at the same time from another part.   Woodson v. Collins, 56 Texas, 172.

It is well settled in this State that a judgment is not necessarily an entirety.   Hamilton v. Prescott, 73 Texas, 565; Giddings v. Baker, 80 Texas, 312; Beer v. Thomas, 34 S. W. Rep., 1011; Porter v. Martyn, 32 S. W. Rep., 733.

Even the general rule announced by Mr. Elliott seems to have exceptions to it.   The United States Supreme Court in the case of United States v. Dashiel, 3 Wallace, 688, has decided that the partial satisfac-

tion of a judgment, even if obtained by the levy of an execution, "is not and never was a bar to a writ of error."

If the plaintiff sues to recover a judgment on several different notes, and succeeds in getting judgment on some of them, can any good reason be given why he should not be permitted to enforce that judgment, and at the same time prosecute his appeal from the judgment denying his recovery on the other notes? It is adjudged that he is entitled to recover so much but not all that he claims. The defendant does not appeal or secure the judgment in any way. Must the plaintiff be postponed in the collection of that judgment until he can prosecute an appeal and have a final adjudication on the balance of his claim? That might take many years, and yet he must take all the chances of insolvency, etc., or forego his right of appeal. The following cases hold that he may prosecute his appeal and enforce his judgment at the same time. Catlin v. Wheeler, 49 Wis., 507; Higbie v. Westlake, 14 N. Y., 281; Clowes v. Dickenson, 8 Cow., 330.

There may be two or more judgments in one judgment entry, and the satisfaction of the one part of the judgment in favor of the plaintiff, will not prevent him from appealing from the other judgment, or part of the judgment, that is in favor of the defendant on another issue. Worthington v. Becman, C. C. A., 7th Circuit, 91 Fed. Rep., 232, Woods J.

A party who is entitled by the judgment to a certain sum of money absolutely is not prevented from appealing from the judgment by which he was given this sum of money, and asking a reversal of a part of the judgment on some other point. Where he accepts money upon a judgment he is only estopped from appealing from that part of the judgment under which he received the money. Fielder v. Howard, 75 N. W. Rep., 163.

We call attention also to the following cases: Succession of Kaiser (La.), 20 So. Rep., 184; Gilfillan v. McKee, 159 U. S., 303; Embry v. Palmer, 107 U. S., 8; Tyler v. Shea, 61 N. W. Rep., 469.

WILLIAMS, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals for the Fourth District.

The questions arise upon the following facts: Plaintiff in error sued August Woeltz, her husband, for divorce and for a division of their community property, and joined as codefendant John O'Brien, the beneficiary in a deed of trust on part of the land involved previously executed by herself and husband to secure a debt, for the purpose of obtaining the cancellation of such deed of trust on the ground that the property on which it was given was, when it was executed, the homestead of its makers.

August Woeltz filed a cross-bill, praying that a divorce be granted to him, and O'Brien defended the action against him. The judgment of the District Court granted plaintiff's prayer for divorce, denying that of her husband; provided for custody of the children; adjudged a recovery by plaintiff of August Woeltz of costs of suit and the sum of $150 as attor-

ney's fees, and declared the lien of O'Brien invalid as to part of the property and valid as to the remainder embraced in the deed in trust. Afterwards, a petition for writ of error was filed by plaintiff, Ida Woeltz, and a bond was given, payable to all defendants. Her assignments of error attack only the judgment in favor of O'Brien. Thereafter, the plaintiff caused an execution to issue upon the judgment against August Woeltz for the costs and attorney's fees allowed by the judgment and has collected same. Defendants in error have moved to dismiss the appeal upon this ground. August Woeltz filed cross-assignments attacking the judgment for divorce and for attorney's fees.

These questions are certified:

"1. Does the action of plaintiff in error in enforcing the collection of the costs and attorney's fees estop her from further prosecution of this writ of error?

"2. Should cross-assignments by August Woeltz attacking the validity of the decree of divorce and for costs and attorney's fees be considered in the appellate court, in the absence of a cross-appeal or cross-writ of error by him, the assignments of error of plaintiff only attacking the decree in favor of the beneficiary in the trust deed?

"The last question is asked in view of the decision in Horter v. Herndon, 35 Southwestern Reporter, 80, by Court of Civil Appeals, First District."

1. We shall assume, as is inferable from the statement of the case, that the petition and bond for writ of error were such as to bring before the appellate court for revision the whole judgment and all of the parties.

·The judgment consists of distinct parts. The controversy between the plaintiff and O'Brien was distinct from that about the divorce and its incidents between plaintiff and her husband. The first mentioned controversy might have been made the subject of another suit which could have been disposed of without effect upon anything involved in the divorce suit, and the fact that both controversies are embraced and disposed of in the same action does not make them one or so connect them that appellate proceedings must involve the whole judgment. We think it clear, under the practice in this State, that either party to the judgment between plaintiff and O'Brien could have prosecuted appeal or error from it without carrying up the judgment disposing of the action for divorce and partition.

It would seem to follow that, if plaintiff has precluded herself from prosecuting an appeal from the latter judgment, which we need not determine, this would have no effect upon her right to have the other reviewed. Since she has taken a proceeding sufficiently comprehensive in its inception to enable her to bring in review every part of the judgment, her action in securing satisfaction of one part should not estop her from prosecuting her complaints of the other, for the reason that the one of which she has obtained satisfaction will not be affected by any disposition which may be made of her appeal from the other.

2. Assuming that the writ of error was perfected from the whole judgment, we think the defendant in error, August Woeltz, has the right to assign error in the judgment for divorce and for attorney's fees.

The right of an appellee or defendant in error to assign cross-errors, it seems to us, necessarily attaches upon the perfecting of the appeal or writ of error, and is not dependent upon the character of the objections made by the other party, since the assignments of error of the latter are not required to be presented contemporaneously with the perfecting of the appeal or writ, but may be filed at a much later time when the right of the other party to take revisory proceedings may have expired. The taking of the appellate proceeding by one party relieves his adversary of the necessity of taking like action and brings the judgment before the appellate court for revision upon the complaints of both, and either has the right to point out errors in it prejudicial to him. Duren v. Houston, etc., Railway Co., 86 Texas, 291; Railway v. Prather, 75 Texas, 53.

The objections which may be urged by the appellee or defendant in error are not restricted by those presented by the other party. This rule does not permit assignment of errors as between coappellees. Anderson v. Silliman, 92 Texas, 560.

Nor does our decision apply to a case where the appellate proceeding does not embrace a distinct part of a severable judgment of which the appellee or defendant in error seeks to complain. The question which would arise in such a case is not before us.