## Western National Bank v. J. B. White.

Decided October 20, 1910.

**1.—False Arrest—Pleading—Judgment.**

In an action for damages occasioned by shame, mortification and humiliation of mind, and injury to reputation and character consequent upon false arrest and imprisonment on a charge of swindling, a judgment for damages for loss of time and credit caused by a negligent breach by defendant of its contract in dishonoring plaintiff's check, would not be warranted by the pleadings.

**2.—Same—Causing Arrest—Ratification of Arrest—Insufficient Evidence.**

In an action for damages for causing the arrest of plaintiff, the issues being whether appellant, acting together with its codefendants, caused the arrest of the plaintiff, or whether, knowing all the facts, it had ratified the arrest after it had been made at the instance of a codefendant, evidence reviewed and held insufficient to support a judgment against the appellant on either issue.

**3.—Loss of Credit—Burden of Proof.**

A plaintiff who is neither a merchant nor trader must prove affirmatively an allegation that his credit was injured or lost by reason of an arrest on a charge of swindling.

**4.—False Imprisonment—Negligence—Proximate Result—Case Stated.**

Plaintiff had $400 on deposit in a bank in T County and drew his check for that amount on said bank, and forwarded it for collection through a bank in H County; the bank in H County forwarded it to its correspondent in D County for collection; by some mistake in its bookkeeping the books of the bank in T County showed only $287 to the credit of plaintiff, and when his check was presented payment was refused on that ground; the bank in H County was erroneously informed by its correspondent bank in D County that the check had been paid, and the bank in H County thereupon paid the $400 to plaintiff, who went to a neighboring county on business; when the bank in H County learned that the check had not in fact been paid it caused plaintiff to be arrested in the county to which he had gone; immediately after and while under arrest plaintiff communicated by phone with the bank in T County and asked why his check had not been paid, and notified it that he was under arrest for swindling the H County bank, and insisted that his check was wrongfully dishonored; in about one and a half hours the bank in T County discovered its mistake and phoned to that effect to the officer having plaintiff in charge and also to the bank in H County, whereupon the plaintiff was released. Held, because the defendant bank in T County neither caused nor instigated the arrest of the plaintiff, and because his arrest could not have reasonably been anticipated as a proximate result of its negligence in bookkeeping, the T County bank was not liable for the damages suffered by plaintiff by reason of his arrest, and the court erred in refusing a peremptory instruction to that effect.

**5.—Practice on Appeal—Cross Assignments.**

A co-appellee must appeal from the judgment of the trial court in order to have cross assignments by him considered.

Appeal from the District Court of Tarrant County. Tried below before Hon. Jas. W. Swayne.

*Stephens & Miller,* for appellant.

*Parker & Parker* and *McCart, Bowlin & McCart,* for appellee.

LEVY, ASSOCIATE JUSTICE.—Appellee sued J. G. Swofford, sheriff of Hood County, and the Hood County State Bank and the Western National Bank of Fort Worth to recover damages for his alleged false arrest upon a charge of swindling the Hood County State Bank. By the petition all the defendants below were jointly charged with making the arrest maliciously, and the Western National Bank was also charged with the ratification of the arrest after it had been made. The suit as to the sheriff was dismissed by appellee, and in a jury trial the court peremptorily instructed a verdict in favor of the Hood County State Bank, and, in accordance with the verdict of the jury, entered judgment in favor of appellee against the Western National Bank. The Western National Bank appeals, and seeks under proper assignments to revise the judgment against it.

The evidence shows that in the latter part of August, 1907, appellee

already had a deposit of $287.50 to his credit in the Western National Bank at Fort Worth, and in September made a further deposit of $112.50, which gave him a credit of $400. The proper officer of the appellant bank issued to him a deposit slip showing that additional credit of $112.50, but by mistake of an individual bookkeeper in extending this credit on the books of the bank the sum was placed to the credit of J. E. White, another depositor in the bank, whose name was on the line just below or just above that of appellee; and in this way and on account of this clerical error and mistake of the bookkeeper the books of the bank showed to the credit of appellee only the sum of $287.50 instead of $400. Afterwards, on September 5, 1907, appellee applied to the cashier of the Hood County State Bank to have his $400 transferred to said bank. Whereupon, at the suggestion of the cashier, so as to save expense to appellee, the appellee drew a check on appellant bank for the $400 to be forwarded by the Hood County State Bank for collection, it being understood and agreed between the cashier and appellee that appellee would not be paid any of the money until the check was heard from. This check was sent by the Hood County State Bank to its correspondent at Dallas, and from that point it was forwarded to the correspondent of the Dallas bank in Fort Worth, and by oversight of one of the officers of appellant it was stamped paid. But during banking hours it was discovered that the books showed only $287.50 to the credit of appellee, and this was corrected through the clearing-house during banking hours on that day. However, the correspondent at Dallas of the Hood County State Bank had reported to the latter giving it credit for the full amount of the check as a cash item. Whereupon appellee, after having been informed that the check had been paid by the cashier of the Hood County State Bank, personally drew out the money. After appellee drew the money he went to Cleburne on business. The cashier of the Hood County State Bank then got another report from the correspondent of his bank at Dallas informing him that the credit previously given to this bank had been cancelled and the item charged back to it, the check having been dishonored by appellant for lack of sufficient funds. Thereupon the cashier of the Hood County State Bank reported the matter to the sheriff and county attorney of Hood County, and the sheriff at once, by phone to the city marshal of Cleburne, caused appellee to be arrested. No complaint had been filed nor any warrant issued against appellee. The county attorney, after investigation of the facts, decided that there was no ground for criminal prosecution in as much as appellee had made no false representations and the money had been paid to him by the cashier on the advice of the Dallas correspondent. There is a conflict in the testimony as to whether the arrest was contrary to the instructions of the county attorney and the cashier of the Hood County State Bank. The sheriff testified that the arrest was in accordance with instructions, and the county attorney and the cashier testified to the contrary.

All the testimony affirmatively and positively shows, and with no at-

tempt at dispute to the contrary, that the appellant bank was in no wise a party to or even knew of the arrest at the time, or even knew of the payment of money by the Hood County State Bank to appellee. Immediately after the arrest of the appellee he was, at his request, taken to the telephone office, where he called up the appellant bank for the purpose of knowing why his check had been dishonored; and being unable to clearly understand over the phone, he requested the city marshal to do the talking for him, which he did. Appellee was told by the marshal that he arrested him on order of the sheriff of Hood County on a charge of swindling the Hood County State Bank out of $400. The marshal in his conversation over the phone informed an officer of the appellant bank that he had appellee under arrest by virtue of a warrant held by the sheriff of Hood County charging him with swindling the Hood County State Bank, and that appellee wanted to know the state of his account with appellant bank; and further stated that appellee had slips showing the two items of deposit in the bank. Whereupon the officer of appellant bank told the marshal that its books showed only $287.50, and that he went by the books, and on that account the check had been dishonored for $400. Immediately thereafter the officers of the appellant bank set its entire force to work to see if they could discover any mistake, and looked through all deposit slips for September, which resulted in the discovery of the mistake of $112.50. Thereupon appellant bank promptly communicated the fact to the Hood County State Bank and the city marshal at Cleburne. It was an hour and a half from the time the city marshal was talking to the appellant bank until the appellant bank informed him of the finding of the error. But in the meantime, on instructions from the sheriff of Hood County, the city marshal had released appellee from custody upon his placing in a bank in Cleburne the $400 drawn out of the Hood County State Bank and $2.50 to cover the expenses of telephone messages.

The appellant bank was not the correspondent of the Hood County State Bank and had no connection with it, and the officers of this bank were not even acquainted with the cashier of the Hood County State Bank and had made no communications whatever to such cashier in reference to appellee's account or in connection with appellee. Appellant had no connection whatever with requiring the appellee to deposit the $400 to be released, and was not informed of it, and did not procure the detention of the appellee under arrest after his arrest. The city marshal told appellee that he arrested him on order of the sheriff of Hood County and would not release him except upon the order of such sheriff, and that he would have to have the sheriff give him such order before he would be released.

*After stating the case.*—The court passed the case to the jury for findings upon two grounds of recovery against the appellant, and each ground is properly complained of here. The first required the jury to return a verdict for the mental pain, anguish and humiliation caused by such further detention in arrest upon the finding that appellant bank was

the proximate cause of the detention of appellee after the said bank found out he was under arrest and did not use ordinary care to notify the officer who had appellee under arrest that he had $400 to his credit in said bank. The second required the jury to return a verdict for appellee for actual damages for any loss of time, money or credit upon the finding that appellant bank was guilty of negligence in not placing $400 to the credit of appellee and in not paying at the time the check was drawn on it by appellee.

The second ground, evidently, in the record caused the verdict in this case, and is disposed of by the simple statement that no such ground of recovery was sought by the pleadings or made by the evidence. Appellee sued the appellant for damages occasioned by shame, mortification and humiliation of mind and injury to his reputation and character consequent upon being arrested and held a prisoner on a charge of swindling. He did not sue appellant for damages for loss of time or credit founded on negligent breach of its contract in dishonoring the check. The only two possible issues raised by the pleadings were (1), whether appellant acted together with the other defendants below in causing the arrest of appellee; and (2), whether, knowing all the facts, it had ratified the arrest. There is no evidence of loss of credit, which appellee, not being a merchant or trader, would have to allege and prove. It is uniformly held that it is error to submit as a ground of recovery a matter neither alleged nor proved.

The second ground complained of goes, we think, to the legal liability of appellant in the facts of the case. The court refused to give a requested peremptory instruction, and this we conclude should have been done in the case. By the undisputed testimony in this case the arrest was an unlawful one. But according to the undisputed evidence it is affirmatively and positively shown that this arrest was made without the concurrence, encouragement or even the knowledge of the appellant bank, and there is an utter absence of any evidence either of participation originally on the part of appellant in the actual arrest, or of ratification in the same after it had been made. The court seems to have been of the opinion that the appellant was not in any way connected with and did not participate in the arrest originally, in that he did not submit such phase to the jury, and appellee himself did not insist on such issue by instructions. The liability of appellant, as seen from the court's charge, is predicated upon appellant's negligence being the proximate cause of the further detention of appellee after appellant found out that appellee was under arrest. That appellant could not reasonably have contemplated that an unlawful arrest would result from the error which led to the dishonoring of appellee's check, is quite clear. Again, it could not reasonably have been contemplated by any one acquainted with the facts as they transpired between appellee and the Hood County State Bank, that a probable cause would exist arising out of those facts for a prosecution and arrest for swindling. Nor would it be reasonable to entertain even the suggestion that the appellant bank ratified an un-

lawful arrest for swindling in these facts. The facts uncontroverted are that appellee drew his check for the $400 on appellant bank and had it forwarded through the Hood County State Bank for collection, with the understanding with the cashier of the Hood County State Bank that he would not draw any cash on it until the check was reported on. The check was reported on as paid, and the appellee then checked out the $400. The arrest and the detention were under order of the sheriff of Hood County alone. The arrest, therefore, could not be held, we think, to be the proximate result of the breach of the contract involved in the dishonoring of the check. Bank of Commerce v. Goos, 58 N. W., 84. If, as a matter of law, the arrest could not be held to be the proximate result of the breach of appellant's contract, then in point of fact in this case appellant is not shown to be responsible for the further detention of the appellee by the city marshal after it had information of his arrest. It did not, it is conclusively shown by the testimony, assist, encourage or ratify at any time the wrongful detention. It was simply asked the question by the city marshal, at the request of appellee, why it had dishonored the check; and it gave the information involved in the dishonoring of the check, that its books did not show that amount to the credit of appellee. There is no pretense in the evidence that any more was said or done by appellant. That this mere information of the bank about the dishonoring of the check in its telephone conversation with the city marshal was the proximate cause of the further detention could not in point of fact be sustained in the evidence. The evidence conclusively, without conflict, establishes that the city marshal held appellee by order of the sheriff, and in such order of arrest appellant had no participation or knowledge, and the marshal told appellee that he could only be released by order of such sheriff and that he would hold him and not release him until the sheriff ordered his release. The arrest and detention by the city marshal were not continued after the telephone message, it is clear, by the information given by the appellant bank to the marshal, but his detention was beyond and without the control of appellant and entirely by the officers, who were not acting for appellant. The order of the sheriff to the marshal to hold appellee under his orders, and the determination of the marshal to obey the order of the sheriff and his refusal to release except upon the order of the sheriff, was the sole cause of the detention. The information given by the appellant to the marshal was not the means or efficient cause of the detention. The city marshal was not investigating the facts preparatory to holding or releasing appellee, but was merely executing orders to arrest and hold in custody for the sheriff. And it is conclusive that the marshal would not have released appellee on the statement of appellant, but only upon orders from the sheriff. The judgment against appellant, therefore, must be reversed and here rendered for appellant with all costs.

Appellee White has filed assignments of cross-errors complaining of the ruling of the court in giving a peremptory instruction against him in favor of the Hood County State Bank. Appellee, however, did not

appeal from this judgment, and we can not consider his assignments of cross-errors. A coappellee must file a cross-appeal before he can have his assignment of cross-errors against his coappellee considered. Anderson v. Silliman, 92 Texas, 560; Lauchheimer & Sons v. Coop, 99 Texas, 387.

*Reversed and rendered.*