**PUMPHREY v. HUNTER et al.　(No. 6798.)**

(Court of Civil Appeals of Texas. Austin. Feb. 4, 1925.)

**1. Judgment ⚫⇒485—Void on face may be collaterally attacked.**

A judgment void on its face may be collaterally attacked.

**2. Judgment ⚫⇒497(1)—Reciting process or facts which do not show jurisdiction void on its face.**

Where a judgment, undertaking to recite process or facts on which jurisdiction of court is based, does not show jurisdiction or negative it, judgment is void on its face.

**3. Judgment ⚫⇒497(1)—Garnishment held void on its face in that recital of process and facts failed to show jurisdiction.**

Where a garnishment judgment contained no recital showing relation between cause under which writ of garnishment was issued and cause in question, nor that writ had been issued and served on garnishee in present cause, but merely showed that process issued in another case was attempted to be used in cause in question, held that such garnishment judgment was void on its face in failing to show jurisdiction.

**4. Judgment ⚫⇒499—Records may be examined to determine jurisdiction where garnishment judgment contained no recitals showing jurisdiction.**

Where a garnishment judgment contained no recitals of process or facts showing jurisdiction, records may be looked to to determine whether court had jurisdiction and if records negative jurisdiction, judgment is void and may be collaterally attacked.

**5. Judgment ⚫⇒499 — Examination of records held to negative jurisdiction of court to render garnishment judgment, and hence judgment is void and subject to collateral attack.**

Records out of which garnishment proceedings issued examined, and held to negative jurisdiction of court to render garnishment judgment in question, and to conclusively show want of jurisdiction, and hence judgment is void and may be collaterally attacked.

**6. Garnishment ⚫⇒233 — Garnishee paying money to judgment creditor under void garnishment judgment liable to judgment debtor.**

Where garnishment judgment was void on its face in that court had no jurisdiction to render it, garnishee was not under legal compulsion required of it by garnishment statutes to pay judgment creditor money belonging to judgment debtor, and payment of such money was wrongful.

**7. Garnishment ⚫⇒233—Judgment creditor entitled to money in hand of garnishee only on compliance with garnishment statutes, and cannot be aided by voluntary act of garnishee.**

A judgment creditor is entitled to have money in hands of garnishee belonging to judgment debtor appropriated to payment of debt only on compliance with process prescribed by garnishment statutes, and he cannot be aided by voluntary acts of garnishee.

**8. Money received ⚫⇒9—Rule permitting one to recover from another who has received money for benefit of former held inapplicable.**

Rule permitting one person to sue another who has received money belonging to first under circumstances requiring second person to hold it for benefit of first held inapplicable as between judgment debtor and attorney repre-

---

⚫⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

senting judgment creditors to whom garnishee wrongfully paid money, where attorney was not privy to such transaction, garnishee is directly liable to judgment debtor, and it was not shown that garnishee is insolvent.

9. Appeal and error ⚓878(1)—Appellee cannot have error corrected as to cross-action against codefendant without giving notice of appeal and filing appeal bond.

Though appellee may by cross-assignment have errors corrected as between him and appellant, he cannot have errors corrected with respect to cross-action against his codefendant, without giving proper notice of appeal and filing an appeal bond and perfecting his appeal.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by E. F. Pumphrey against T. F. Hunter and the National Bank of Commerce of Fort Worth, in which the Bank filed a cross-action against Hunter. Judgment for both defendants as against plaintiff, and for Hunter as against the Bank on its cross-action, and plaintiff appeals. Affirmed in part, and reversed and rendered in part.

Cooke, Dedmon & Potter and Clay Cooke, all of Fort Worth, for appellant.

T. F. Hunter and E. E. Fischer, both of Wichita Falls, for appellee Hunter.

J. M. Willis, of Fort Worth, for appellee National Bank of Commerce of Fort Worth.

BLAIR, J. The opinions heretofore filed in this case are hereby withdrawn and this one substituted therefor.

### Statement.

Appellant sued appellee National Bank of Commerce of Fort Worth, to recover a deposit of $750 in said bank, and for which the bank refused to account. Appellant made appellee T. H. Hunter a party defendant, upon the allegation that the bank had voluntarily paid him the $750 upon an invalid judgment against appellant, and upon an invalid writ of garnishment issued out of the suit in which the said invalid judgment was so rendered, the said Hunter representing to the bank that he had the matter in his hands as attorney for settlement, by consent of all parties to the judgment; and further alleged that the said Hunter wrongfully appropriated said money to his own use.

Appellee Hunter answered by a general denial, a special plea of validity of the judgment on which the garnishment proceedings were issued, and that the $520 paid him by the bank was in satisfaction of a valid judgment rendered on its answer in garnishment that it was indebted to appellant in the sum of $750; that $230, the remainder of the $750 paid him by the bank, was returned to the attorney for the bank, that appellant's suit was a collateral attack upon the judgment to which the garnishment proceedings and garnishment judgment were ancillary, and that the suit ought to be abated.

Appellee bank answered that it paid $520 in satisfaction of a valid judgment rendered against it in the ancillary garnishment proceedings, and filed a cross-action against appellee Hunter for that amount in the event it was held that it had wrongfully paid said sum on said judgment to him, alleging that he had represented that as attorney he had the matter in his hands for settlement by consent of all parties, and that the money was in fact his by reason of a settlement with his client, one of the parties to the suit out of which the garnishment proceedings issued.

By supplemental answer, appellant alleged that the garnishment judgment relied upon by appellee for authority to pay the money on deposit in appellee bank to Hunter was void, because no writ of garnishment had ever been issued or served upon appellee bank by Van Dissen, who appellee Hunter represented. Other pleadings were filed by all parties, but under the view we take of the cause it is unnecessary to set them out.

The trial court instructed a verdict for appellees bank and Hunter, against appellant, also instructed a verdict for appellee Hunter against appellee bank on its cross-action. This appeal is from the judgment rendered against appellant in favor of both appellees bank and Hunter.

Appellant urges a number of assignments as to the invalidity of the judgment out of which the ancillary garnishment proceedings issued, principally because no citation was issued or served upon him. Whether the judgment out of which the garnishment proceedings issued was void or only voidable at the instance of appellant, or whether this suit by appellant is a collateral attack upon that judgment, we think are immaterial matters, and are not necessary questions for a decision here, since the record and judgment itself disclose that the garnishment judgment on which appellees both alleged they paid out appellant's money was void. We therefore do not in any way pass upon the validity of the judgment out of which the garnishment proceedings issued, but such references as may be made thereto are for the purpose of making clear this opinion holding that the ancillary judgment is void. It seems, however, that in the original judgment out of which the garnishment proceedings issued, one C. L. Holcomb sued one J. L. Van Dissen for $500, Van Dissen being duly served with citation therein.

Holcomb in his prayer in this suit against Van Dissen also asked for judgment against E. D. Davenport, W. L. Propst, Clay Cooke, C. J. Bathe, and R. W. Talbot, none of whom

---

⚓For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

he ever served with citation. Van Dissen, through his attorney of record, filed a cross-action, praying judgment by reason of certain facts alleged therein against the said E. D. Davenport, Clay Cooke, and appellant E. F. Pumphrey for $1,000. No citation was issued or served upon these cross-action defendants, but the attorney of record for plaintiff C. L. Holcomb filed an answer for these defendants, which was in fact a confession of the cause of action asserted by plaintiff Holcomb. In this state of the record, on January 30, 1919, the trial court rendered judgment in favor of plaintiff Holcomb for $500 against E. D. Davenport, Clay Cooke, W. L. Propst, and appellant, E. F. Pumphrey. No judgment was obtained by him against defendant Van Dissen.

The court also rendered judgment in this cause in favor of Van Dissen on his alleged cross-action against E. D. Davenport, Clay Cooke, W. L. Propst, and appellant, E. F. Pumphrey, for $1,000. There is no connection between these two judgments, so far as the judgment discloses, although the pleadings probably show some connection.

Thereafter, on April 23, 1920, C. L. Holcomb, acting through his attorney, E. M. Barber, applied for and caused a writ of garnishment to issue on the above judgment in favor of C. L. Holcomb against Clay Cooke, E. F. Pumphrey, and W. L. Propst to the First National Bank of Commerce of Fort Worth, Tex., commanding said bank to answer what, if anything, it was indebted to Van Dissen, who was not a party to Holcomb's judgment, and what it was indebted to E. D. Davenport, Clay Cook, W. L. Propst, and E. F. Pumphrey, who were defendants in his judgment. The garnishee bank answered that it had on deposit, subject to the check of appellant, E. F. Pumphrey, the sum of $1,471.50. By agreement of counsel for garnishee bank and Pumphrey, Pumphrey was permitted to withdraw all of said amount except $750. Before any judgment was rendered on this answer of garnishee bank, E. F. Pumphrey caused Holcomb, who had applied for the writ of garnishment, to be paid the full amount of his judgment, and obtained from him a release of the garnishment and delivered the release to the garnishee bank. Thereafter, Van Dissen, through his attorney, appellee Hunter herein, who had never applied for a writ of garnishment to issue to appellee First National Bank of Commerce of Fort Worth, Tex., without any notice to appellant, Pumphrey, caused the trial court to render the following judgment in his favor against said appellee First National Bank of Commerce, of Fort Worth, Tex., on its answer to the writ of garnishment which Holcomb had caused to be issued against it, and which had theretofore been settled between Holcomb and Pumphrey, as above stated:

"J. L. Van Dissen v. National Bank of Commerce of Fort Worth, Texas. No. 3131. In the Seventy-Eighth District Court of Wichita County, Texas. September Term 1920. December 14, 1920.

"On this 14th day of December, 1920, came on to be heard the above entitled and numbered cause, and it appearing to the court that upon the answer of defendant, herein filed, to a writ of garnishment served on it, the first day of May, 1920, issued out of the 78th district court of Wichita county, Texas, wherein C. L. Holcomb is plaintiff and J. L. Van Dissen is defendant, that the said defendant, National Bank of Commerce of Fort Worth, Texas, is indebted to the defendant, E. F. Pumphrey, in the sum of $500.00, and that the said J. L. Van Dissen has recovered judgment against the said defendants, E. D. Davenport, Clay Cooke, E. F. Pumphrey, and W. L. Propst, jointly and severally, in the sum of $1,000.00 in cause No. 6807, together with the sum of $——— costs.

"It is therefore considered, ordered, and decreed by the court that J. L. Van Dissen have and recover of and from the said National Bank of Commerce of Fort Worth, Texas, a corporation, garnishee, judgment for the sum of $50.00 for his debt and the further sum of $——— costs and all costs in this behalf expended for which execution may issue.

"It is ordered by the court, however, that execution do not issue against the said National Bank of Commerce of Fort Worth, Texas, for any amount in excess of $500.00 aforesaid, that its liability be limited to said amount, and it is so ordered."

[1] We are of the opinion that this judgment is void on its face, and the objection that this suit is a collateral attack upon it is without merit. A judgment void on its face may be attacked collaterally. Moore v. Hanscom, 101 Tex. 293, 106 S. W. 876, 108 S. W. 150.

[2] It is well settled that where a judgment undertakes to recite the process or facts on which the jurisdiction of the court is based, if such process or facts recited do not show jurisdiction, or negative jurisdiction, the judgment is void on its face. Fowler v. Simpson, 79 Tex. 611, 15 S. W. 682, 23 Am. St. Rep. 370.

[3] The only jurisdictional facts or process recited in this garnishment judgment is that a writ of garnishment was issued, served upon, and answered by appellee bank, issued out of a certain cause "wherein C. L. Holcomb is plaintiff and J. L. Van Dissen is defendant," and that the appellee bank as garnishee answered that it "is indebted to defendant, E. F. Pumphrey, in the sum of $500." It is then recited that "the said J. L. Van Dissen has recovered a judgment against * * * E. F. Pumphrey * * * in the sum of $1,000 in cause No. 6807." There is no recital showing any relation between "cause No. 6807, wherein Van Dissen is plaintiff and Pumphrey is defendant," and the cause "wherein C. L. Holcomb is plaintiff

and J. L. Van Dissen is defendant," and out of which cause the only garnishment proceedings recited in the judgment had issued. The judgment nowhere recites that Van Dissen had in "cause No: 6807," wherein he is plaintiff and Pumphrey is defendant, issued or served a writ of garnishment upon appellee bank; nor that the bank had made answer to a writ issued out of said cause. These recitals merely show that Van Dissen attempted to use the process issued by C. L. Holcomb to enforce his, Van Dissen's, judgment against Pumphrey, which, of course, is without any sanction of law, and the judgment, because of these recitals, is void upon its face.

[4] Should it be contended that the garnishment judgment contains no recitals of process or facts showing jurisdiction, then the whole records in cause No. 3131, cause No. 6807, and the cause wherein "C. L. Holcomb is plaintiff and J. L. Van Dissen is defendant," and out of which the ancillary garnishment proceeding issued, may be looked to to determine whether the court had jurisdiction to render the garnishment judgment. If these records negative the process or facts relied upon to confer jurisdiction over the subject-matter or person, the judgment is void, and may be attacked collaterally. Hopkins v. Cain, 105 Tex. 591, 143 S. W. 1145; Bank v. Presnall, 109 Tex. 32, 194 S. W. 384; Moore v. Hanscom, 101 Tex. 293, 106 S. W. 876, 108 S. W. 150.

[5] These records disclose no relation between the Holcomb judgment against Pumphrey and the Van Dissen judgment against Pumphrey, though rendered in the same case, No. 6807. Neither of these judgments is in any way dependent upon the other. These records show that Holcomb issued the writ of garnishment recited in the above garnishment judgment April 23, 1920, to the appellee bank; that is, the First National Bank of Commerce of Fort Worth, Tex., and that the bank answered that it was indebted to Pumphrey in the sum of $1,471.50. The record further shows that this garnishment proceeding of Holcomb was entitled and styled, "C. L. Holcomb v. First National Bank of Commerce of Fort Worth, Tex., No. 3131." None of these records show, except the caption to the above garnishment judgment, that there ever was a cause entitled and styled, "J. L. Van Dissen v. First National Bank of Commerce of Fort Worth, Tex., No. 3131." It is undisputed that the garnishment writ issued by C. L. Holcomb was paid off by Pumphrey and released, and the release filed with appellee bank. So we must conclude from an examination of all the records involved in this litigation that they negative the jurisdiction of the court to render the above garnishment judgment, and conclusively show a want of jurisdiction over both the subject-matter and the person, and the judgment is void and may be attacked collaterally. (See authorities above cited.)

Appellee Hunter alleged in his answer that Van Dissen caused a writ of garnishment to issue to appellee bank, and attached the writ as an exhibit to his pleadings. This writ in one place states that it is the belief that appellee bank, the First National Bank of Commerce of Fort Worth, is indebted to Pumphrey, but at all other times the First National Bank of Fort Worth is named as the garnishee bank. The sheriff's return on this writ shows it was served upon the First National Bank of Fort Worth only, and that bank only answered the writ. Its answer was that it owed Pumphrey nothing. It was probably this writ that caused the confusion in the case, as it was issued on April 24th, the day after the Holcomb writ was issued.

[6, 7] From what has been said it follows that appellee bank did not pay the $750 deposit belonging to Pumphrey under the legal compulsion required of it by our garnishment statutes, and will be held to have wrongfully paid the money to Hunter. It is well settled in this state that a judgment creditor has the right to have the money or thing in the hands of a garnishee belonging to the judgment debtor appropriated to the payment of such debt, only upon complying with the process prescribed by our garnishment statutes, and that he cannot be aided by the voluntary acts of the garnishee, for such acts will be regarded as void so far as they interfere with the rights of the judgment debtor or third persons. Harrell v. Mexico Cattle Co., 73 Tex. 612, 11 S. W. 863; Shoemaker v. Pace (Tex. Civ. App.) 41 S. W. 498; Haggerty v. Ward, 25 Tex. 144; Rowlett v. Lane, 43 Tex. 274; Insurance Co. v. Friedman Bros., 74 Tex. 59, 11 S. W. 1046; Kelly v. Gibbs, 84 Tex. 147, 19 S. W. 380, 563; Gilbert Book Co. v. Pye, 43 Tex. Civ. App. 183, 95 S. W. 8; City of Sherman v. Shobe, 94 Tex. 131, 58 S. W. 949, 86 Am. St. Rep. 825.

Our judgment is that appellant do have and recover of appellee bank the sum of $750, with interest from and after the 11th day of December, 1920, the date on which appellee bank paid the money to Hunter, and for costs of suit.

[8] We think the court correctly directed a verdict for appellee Hunter against appellant. The only allegation of appellant's petition seeking to fix liability on appellee Hunter was that he represented to appellee bank that he was in fact the owner of the judgment against the bank in garnishment proceedings, and that he had the matters in his hands for settlement, representing all parties interested. Appellant was not a privy to these transactions, none of them having been made with him. Appellant seeks to enforce that rule of equity here which permits one person to sue another who has received

money or property belonging to the first person under such circumstances as to require such second person to hold it for the use and benefit of the said first person. That rule is, of course, a salutary and well-settled rule, but we do not think it should be applied here in the absence of any showing that appellee bank is insolvent. Appellant is certainly entitled to recover the sum of $750 either from the bank or from Hunter, but we think that since the appellee bank is directly responsible to him on the deposit contract, and no showing is made that said bank is insolvent, the rule of equity above stated need not be applied.

[9] Appellee bank cross-assigns as error the judgment of the trial court refusing it a recovery upon its cross-action against Hunter in the event it should be held that it had wrongfully paid out appellant's money to Hunter. We have concluded that appellee bank is not in a position to cross-assign error against appellee Hunter, he not having perfected an appeal from the judgment of the trial court refusing to render a contingent judgment against appellee Hunter, enforceable only in the event it be held that it had wrongfully paid the money to Hunter. It seems well-settled law that an appellee may, by cross-assignment, have errors corrected as between him and the appellant, but he cannot have errors corrected with respect to a cross-action against his codefendant without giving proper notice of appeal and filing an appeal bond, although the codefendant is made an appellee along with him, and is named as a payee in appellant's appeal bond. Bank v. Carper, 28 Tex. Civ. App. 334, 67 S. W. 188; Woeltz v. Woeltz, 93 Tex. 549, 57 S. W. 35; Anderson v. Silliman, 92 Tex. 560, 50 S. W. 576.

The judgment of the trial court is affirmed in part, and in part reversed, and here rendered in accordance with this opinion.

Affirmed in part, and in part reversed and rendered.