**ABSOLENE CO. et al. v. LETWIN et al.
(No. 66.)**

(Court of Civil Appeals of Texas. Eastland.
Jan. 15, 1926. Rehearing Denied
March 4, 1926.)

1. **Fraudulent conveyances ⬤═36—Party loaning pipe line to oil company cannot claim it as against creditors or purchasers of company who have been permitted to possess it for more than two years without demand (Vernon's Sayles' Ann. Civ. St. 1914, art. 3969).**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3969, defendant and those claiming under him, delivering pipe line to oil company as a loan, cannot assert title against creditors or purchasers from company, when possession is permitted to continue in latter for more than two years, without demand made and pursued by due process of law.

2. **Corporations ⬤═432(12)—Failure of company for over two years to attempt recovery of property sold by its agent is sufficient evidence of agent's authority to sell.**

Failure of oil company for more than two years to attempt recovery of pipe line sold to plaintiffs by one who was its agent at the time is sufficient evidence of agent's authority to sell.

3. **Appeal and error ⬤═747(1).**

Appellee's failing to appeal from judgment discharging one of defendants cannot cross-assign error as to such coappellee.

Error from Stephens County Court; E. F. Ritchie, Judge.

Action by Sam Letwin and another against the Absolene Company and others. Judgment

for plaintiffs, and the defendant named and another bring error. Affirmed.

Hickman & Bateman, of Breckenridge, for plaintiffs in error.

Robert E. Bowers, of Breckenridge, for defendants in error.

PANNILL, C. J. Nowhere, perhaps, are ordinary business transactions involved in such perplexities and complications as in an oil field; due perhaps to the rush and hurry incident to such business, engendered by eagerness to save the oil before the producing sand is drained by the operators of adjoining properties.

This case is a fair illustration. G. O. Bateman purchased certain line pipe and attached it to the gasoline plant of the B. C. Dewitt Company, a corporation. McCandless, an agent for said company, sold the pipe to Ibex Oil Company, in settlement of a debt due the latter by the former. Later, the Dewitt Company was adjudged a bankrupt, and Mr. Bateman scheduled the pipe as an asset of the company last named. The assets of the Dewitt Company were purchased by the Absolene Company, and by it the pipe was sold to the Brooks Hanlon Company and possession taken by the later.

The Ibex Company, claiming the pipe, sold it to appellees, Letwin & Helman. It is necessary to state that after the sale to the Ibex Company, that company did not move the pipe, but did disconnect it from the Dewitt Company's plant and connected with the line of the Ibex. Appellees moved against Bateman, Absolene Company, and Brooks Hanlon Company for conversion. Judgment was in favor of appellees against the two companies named. Bateman was discharged.

Solution of the question of ownership involved is comparable to solving the old riddle, "How old is Ann?" The jury found that the Dewitt Company had title to the property at the time of the sale by McCandless to Ibex Company; and authority was in him to make the sale. Both findings are assigned.

Considering the proof of continued claim of title and possession of the property by the Ibex Company and appellees for more than two years without objection on the part of the Dewitt Company, the only question presented is the one as to McCandless' authority.

[1] Under Vernon's Sayles' Civ. St. art. 3969: If the transaction wherein the property was delivered by Bateman to the Dewitt Company was a loan, neither Bateman nor those claiming under him could assert title against the creditors of or purchasers from the Dewitt company, when possession had been permitted to continue for more than two years, without demand made and pursued by due process of law. City National Bank v. Tufts, 63 Tex. 113; Mitchell v. Eagle Creek Oil Co. (Tex. Civ. App.) 275 S. W. 211.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] Therefore, appellees' title is good, whether Dewitt Company actually owned the pipe or not, if McCandless had authority to act for that company in the sale. There is no direct proof of his authority. He was agent of the Dewitt Company at the time, and that company's failure to attempt to recover the property for more than two years is sufficient evidence of his authority to sell.

[3] The cross-assignments complaining of the judgment in Batemen's favor cannot be considered. He did not appeal; neither did appellees appeal from the judgment discharging him. It is settled that appellees cannot cross-assign error as to a coappellee without perfecting an appeal.

The judgment is affirmed.