## LARSON et al. v. MIDDLETON. (No. 586.)

Court of Civil Appeals of Texas. Eastland.
June 14, 1929.

Rehearing Denied July 12, 1929.

Scott, Brelsford, McCarty & Brelsford, of Eastland, for appellants.

Owen & Owen, of Eastland, for appellee.

LESLIE, J. The plaintiff, William A. Middleton, appellee here, filed this suit against Edwin Larson, Edwin Larson, trustee, Robert D. Gordon, Mrs. L. A. Ramsower, N. J. Ramsower, P. C. Dean, Albert Adkinson, West Adams Petroleum Corporation, the Prairie Pipeline Company, and L. E. Brock, trustee. The first count of the petition was a formal declaration in trespass to try title, seeking to recover an undivided one-eighth working in-

terest in oil, gas, and other minerals in a certain 50-acre tract of land, together with damages. The second count sought a recovery of said one-eighth working interest, and plaintiff also alleged in general terms that he had been fraudulently induced to execute a release of his one-eighth interest in the lease, but pleaded in the alternative that, if he were mistaken in this respect, he had been promised the sum of $6,000 with interest thereon until paid, to execute such release, and that, the consideration not having been paid, he was entitled in this suit to recover judgment against the defendants for the sum of said $6,000 with interest.

The defendant Edwin Larson, individually and as trustee, answered, among other defenses not necessary to notice, with a plea of not guilty and general denial.

A trial was had before the court with the assistance of a jury. At the conclusion of the testimony, the plaintiff, Middleton, asked for a peremptory instruction in his favor on the general issue, and in respect to various counts in his petition, and the defendant Edwin Larson and Edwin Larson, trustee, by motion, requested a peremptory instruction in his favor individually and as such trustee on the general issue, and particularly upon the various counts in the petition.

Middleton's motions for peremptory instruction in his favor were overruled. The motions of defendant Larson for peremptory instruction in his favor were granted as to all matters therein requested, except as to that portion of the plaintiff's petition wherein the plaintiff Middleton sought to recover $6,000 and interest alleged to be the consideration promised him by the defendants for executing and delivering to the West Adams Petroleum Corporation an assignment of his one-eighth interest sued for. As to this last item, the court instructed the jury to find in favor of the plaintiff, William A. Middleton, and against the defendants Edwin Larson, Edwin Larson, trustee, West Adams Petroleum Corporation, and Robert D. Gordon, jointly and severally for the sum of $6,000 together with interest thereon at the rate of 10 per cent. per annum from and after January 17, 1925, until paid, and, in accordance with such verdict of the jury, the court rendered judgment against the last-named defendants, jointly and severally for such amount, and then proceeded to render judgment in favor of said defendants and each of them against said plaintiff, Middleton, on all other issues in the case.

The defendants Edwin Larson and Edwin Larson, trustee, duly excepted to the judgment, and have perfected their appeal to this court. No other parties to the litigation have appealed.

The appellant Edwin Larson, individually and as trustee, presents this appeal to this court upon three propositions which are virtually the same, and which challenge the verdict of the jury and the judgment of the court on the ground that there is no evidence in the record that Edwin Larson, individually or as trustee for any one, ever promised or obligated himself to pay the said sum of $6,000 or any part thereof to the appellee Middleton. That the verdict of the jury and the judgment of the court thereon are wholly unsupported by any evidence is a proposition frequently asserted with boldness in this court and seldom sustained by the record. However, in the instant case, and with the view of ascertaining the merit of this familiar proposition, we have with care examined the testimony adduced upon the trial of this cause, and we have reached the conclusion that the proposition is, in fact, well taken, and that the testimony indicates no liability whatever on the part of the appellant Larson, individually or as trustee, for the $6,000, which apparently was promised Middleton by the West Adams Petroleum Corporation through its manager, Robert D. Gordon, for his one-eighth interest in the minerals. We do not believe that the testimony in this record raises a surmise or suspicion of the existence of liability upon the part of Edwin Larson for the payment of the sum of money upon which the judgment decrees him liable. It therefore becomes our duty to reverse the judgment of the trial court, which we do upon the authority of Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059; and, since the facts have been fully developed and they demonstrate nonliability upon the part of Larson, either individually or as trustee for said $6,000 and interest, he being merely a stockholder and director of West Adams Petroleum Corporation, it becomes our duty not only to reverse the judgment as to him, but to here render judgment in his favor upon the liability asserted against him for the $6,000 and interest.

Upon the trial, the plaintiff dismissed from the cause of action the following defendants: Mrs. L. A. Ramsower, as an individual and administratrix; P. C. Dean, Albert Adkinson, Prairie Pipeline Company, and L. E. Brock. Upon the directed verdict, judgment was taken against Robert D. Gordon, West Adams Petroleum Corporation, and Edwin Larson and Edwin Larson, trustee. No appeal has been taken by Gordon and the West Adams Petroleum Corporation. The judgment as to them will remain undisturbed.

Incorporated in the brief of appellee, Middleton, we find certain cross-assignments of error, and, while we believe the propositions thereunder to be of doubtful merit upon the record, yet, deeming them sufficient to present an issue of law that might, under ordinary circumstances, lead to a remand of the cause, nevertheless we are met with the following situation: The court, upon motion for peremptory instruction of the defendants Edwin Larson and Edwin Larson, trustee, instructed the jury *to find against the plain-*

tiff, William A. Middleton "on all other issues in the case," the jury complied with such instructions, and returned such verdict, thus making an adverse finding against said Middleton upon those counts in his petition wherein he sought to recover said one-eighth interest by trespass to try title, etc. The court entered judgment accordingly, and it thus clearly appears that as to such interest the plaintiff failed to recover, and the West Adams Petroleum Corporation and Robert D. Gordon prevailed. True, the plaintiff, Middleton, excepted to this peremptory instruction against him, and the cross-assignments relate to the directed verdict and judgment; but the appellee, Middleton, has not perfected an appeal from this judgment adverse to him and favorable to Gordon and the West Adams Petroleum Corporation. By so doing he has lost the right to have this court review the issues between himself on the one hand and Gordon and the West Adams Petroleum Corporation on the other hand; and he has also lost title to his alleged one-eighth interest to Gordon and the West Adams Petroleum Corporation. As said in Maryland Casualty Co. v. Willig (Tex. Civ. App.) 10 S.W.(2d) 415, 419:

"An appellee may by cross-assignments have errors corrected as between himself and the appellant, but he cannot have errors corrected with respect to a coappellee, without giving proper notice of appeal and filing an appeal bond, although the coappellee is made an appellee along with him, and is named as a payee in appellant's appeal bond. National Bank of Cleburne v. Carper, 28 Tex. Civ. App. 334, 67 S. W. 188; Woeltz v. Woeltz, 93 Tex. 548, 57 S. W. 35; Anderson v. Silliman, 92 Tex. 560, 50 S. W. 576; Lauchheimer v. Coop, 99 Tex. 386, 89 S. W. 1061, 90 S. W. 1098; Western National Bank v. White, 62 Tex. Civ. App. 374, 131 S. W. 828; Stewart v. Tolar et al. (Tex. Civ. App.) 250 S. W. 274; Pumphrey v. Hunter (Tex. Civ. App.) 270 S. W. 237; Absolene Co. v. Letwin (Tex. Civ. App.) 284 S. W. 288. This court is without jurisdiction to consider the alleged errors."

The appellee, Middleton, not having perfected an appeal and therein attacked the judgment against him and in favor of said parties, but having permitted such judgment as to the asserted interest in the lease to become final, it occurs to us that it would be a futile thing to reverse and remand the cause for a trial between Middleton and Larson upon any phase of the trespass to try title. Especially are we of this opinion, since the testimony clearly discloses that said Larson in fact asserts no other interest in the property than that which a stockholder and a possible officer in a corporation ordinarily has. The appellee having a judgment for his debt against parties apparently liable therefor, and acquiescing in the judgment, it would not appear to be correct or logical to reverse and remand the cause to afford him an opportunity to recover the property itself. The prolongation of this litigation for the purpose of further contest between Middleton and Larson in the respect pointed out is certain to be both expensive and fruitless, and we conclude that the proper disposition to be made of this appeal is to reverse and render the judgment in favor of Larsons, as hereinbefore indicated, and to leave the judgment undisturbed in all other respects, both as to Larsons and the other parties to the litigation.

It is so ordered.

## On Rehearing.

In the original opinion in this case, this court reversed the judgment of the trial court, and rendered judgment in favor of the appellant Larson as against the claims of personal liability asserted against said Larson by the appellee, Middleton. On motion for rehearing, the appellee contends that this court erred in the various holdings made, and especially in rendering the case. By reason of the various contentions advanced in appellee's motion for rehearing, we have re-examined the record, but we have discovered no reason for changing our views upon the various legal propositions presented, discussed, and disposed of in the original opinion. In fact, a reconsideration of the appellee's contentions confirms our faith in the correctness of the views expressed in the original opinion.

Upon the proposition that it is our duty merely to reverse and remand, rather than reverse and render, the appellee makes a rather vigorous showing, citing such authorities as Associated Oil Co. et al. v. Hart (Tex. Com. App.) 277 S. W. 1043, 1045, wherein this language is used:

"It is the rule, where a judgment has been reversed, to remand to the trial court rather than to render, where the ends of justice will be better subserved thereby. Such remanding has often been ordered to supply additional testimony, to amend the pleadings, and even to show jurisdiction"—numerous authorities being cited in support of the rule.

■ We think this rule a sound one, supported by reason and authority, and that it should have liberal application in all cases wherein the record warrants it. We do not believe the record in this case warrants its application. The appellee insists that, if the judgment must be reversed, it should be remanded for another trial in order that he may have an opportunity to establish some character of equitable lien on certain properties alleged to belong to West Adams Petroleum Corporation, and which he now understands to be in possession of the appellant Larson. No such character of case is presented by this record, and, from an inspection of both the pleadings and the testi-

mony, no such case was attempted to be presented to the trial court. The appellee's major contention in the trial court was that Larson was personally liable for the $6,000 promised him by the manager of the West Adams Petroleum Corporation as a consideration for the conveyance to that company of a one-eighth interest owned by appellee, Middleton, in a certain lease. It was the contention that Larson's personal liability arose from the fact that he was an officer in the corporation or possibly had some character of possession (not specifically shown) of the assets of the corporation. So it is clear to us that to grant the appellee's contention and reverse, rather than reverse and render, would be in effect extending to him an opportunity to plead and prove a cause of action different from that evidenced by this record, whether viewed from the standpoint of the pleadings or that of the evidence.

■ There is another valid reason why we should not remand this cause for another trial. The record discloses that it was upon the motion of appellee, Middleton, that the trial court peremptorily instructed in his favor a verdict for $6,000, etc., and entered a personal judgment against Larson therefor. The appellee must be presumed to have been satisfied with such verdict and judgment. Sovereign Camp, W. O. W. v. Patton (Tex. Sup.) 295 S. W. 913; Tripplehorn v. Ladd-Hannon Oil Corp. (Tex. Civ. App.) 8 S.W.(2d) 217 (writ refused). Certainly the appellee may not now claim that the trial court in any manner misled him or caused him to forego any right or remedy, either of law or fact, to which he was entitled. Such being the case, it is not one where the ends of justice require that this court merely reverse the trial court's judgment, rather than render it.

The appellee's motion for rehearing is overruled.